UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-230-H

SHIRLEY G. PRICHARD                                                                           APPELLANT

V.

MICHAEL E. WHEATLEY                                                                          APPELLEE

**MEMORANDUM OPINION AND ORDER**

 The debtor/bankrupt, Shirley G. Prichard ("Prichard") appeals from the order of United States Bankruptcy Judge Thomas Fulton that the post-petition proceeds of a personal injury settlement were not exempt from her creditors under KRS 427.150.

 The single question of an appeal actually can be narrowed to whether the Bankruptcy Court erred when it concluded that Prichard's monthly annuity payments of $1,252 arising from a personal injury settlement were not exempt from creditors under KRS 427.150(2). Prichard disagrees with Judge Fulton's factual and legal conclusions. Upon review of the Bankruptcy Court's Memorandum Opinion and the memoranda of the various parties, the Court concludes that Judge Fulton made neither erroneous findings of fact nor wrongful conclusions of law.

I.

 The relevant circumstances of this appeal are as follows. Prichard was injured in a car accident in 1998 when a fire truck failed to stop at a stop sign and struck her car. She suffered two broken legs requiring four surgeries and a year of recuperation and rehabilitation. Approximately one year after the accident, Prichard entered into a Settlement Agreement and

Release ("Settlement") with the Eastwood Volunteer Fire Department which agreed to pay Prichard a $75,000.00 lump sum, as well as $1,252.00 per month for twenty years. The Settlement specifically states that "all sums set forth in the section entitled 'Payments' constitute damages on account of personal physical injuries, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended." Prichard has never paid taxes on the annuity payments. Many years later, in March, 2005, Prichard filed for Chapter 7 bankruptcy protection and the availability of the monthly $1,252 annuity payment became an issue for a creditor unsecured in the amount of $24,566.46.

After thorough briefing of an argument, on March 3, 2006, the Bankruptcy Court made written findings of fact and conclusions of law. This summarizes that opinion as follows. The annuity is a payment received by Prichard on account of personal bodily injury. Therefore, $7,500 of the post-petition annuity payments are exempt under the personal bodily injury exemption in KRS 427.150(2)(c). A separate provision, KRS 427.150(2)(d) provides that debtor may exempt "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary, for the support of the debtor and any dependent of the debtor." Here, the Settlement unambiguously states that the annuity is to compensate for "personal physical injuries." Although it heard credible testimony from Prichard's personal injury lawyer, the Bankruptcy Court declined to speculate as to underlying meanings of a document that is unambiguous on its face. The plain language describing the purpose of the payments will govern. The Bankruptcy Court therefore found that the annuity payments are properly characterized as payments for personal injury damages only, and, as such, only the first $7,500.00 post-petition payments are exempt.

The Bankruptcy Court then reviewed the particular circumstances of the case to fashion an appropriate remedy.  The Bankruptcy Court recognized that Prichard needed a certain amount of monthly income to maintain a basic standard of living, and that to direct all of the annuity payments to the Trustee would prevent her from attaining even a basic standard of living.  Based on these factors and exercising its equitable powers under 11 U.S.C. § 105(a), the Bankruptcy Court found that the post-petition annuity payments are exempt up to $7,500.00 under KRS 427.150(2)(c), but that the annuity payments in excess of $7,500.00 are not exempt under KRS 427.150(2)(d) because they compensated for personal injuries and not future lost wages.  The Bankruptcy Court ordered Prichard to remit to the Trustee $150.00 a month beginning April 20, 2006, and on the 20th day of every month thereafter until the $24,566.46 is paid in full.

Subsequently, the court denied Prichard's motion to reconsider these conclusions.  This appeal followed.

## II.

This Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard and its conclusions of law *de novo*.  *In re Dow Corning Corp.*, 280 F.3d 648, 656 (6th Cir. 2002).  The questions here appear to be mixed, as certain findings of fact lead inevitably to legal conclusions.

The pivotal issue here is whether the Bankruptcy Court correctly determined that the annuity payments constituted only a payment for personal injuries and, therefore, constituted a non-exempt asset of the debtor's estate.  No one disputes that any payments attributable only to loss of income or loss of earning capacity are exempt.  Judge Fulton found that the annuity payments were solely for personal injuries, not lost income, because (1) the parties expressly

3

agreed to such treatment for tax purposes and because (2) the unambiguous language of the agreement prevails over subsequent testimony about "underlying meanings." The Court finds this factual and legal conclusion quite reasonable.

Kentucky courts have always held that unambiguous contractual language should not be amended by oral testimony. *See, e.g., Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 106 (Ky. 2003). The parties had sound tax and estate planning reasons for seeking such a result. That the agreement also released all claims for lost wages is a different matter than attributing proceeds to that category. The settlement involved compromise. Prichard received less than she hoped for, but obtained a knowing, bargained for and favorable contractual attribution. This Court finds nothing wrong or suspect about such an outcome in these circumstances. Certainly, the Bankruptcy Court's factual conclusion that the parties formalized their agreement unambiguously is not clearly erroneous. The Court's legal conclusion follows as a matter of course.

The foregoing logic stands on its own without a need to specifically distinguish from the different circumstances presented in a prior unreported decision. *See In re Menefee*, No. 03-51340(2) (Bankr. W.D. Ky. 2004). For the same reasons also stated above, Judge Fulton's denial of Appellant's motion for reconsideration was proper.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the findings of fact and conclusions of law of the Bankruptcy Court are AFFIRMED and this petition is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:     Counsel of Record